# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2010

No. 09-60445
Summary Calendar

Lyle W. Cayce
Clerk

ABIODUN OYEWAL OSIBAMOWO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 559 444

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Abiodun Oyewal Osibamowo, a native and citizen of Nigeria, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the removal order of the immigration judge (IJ). The IJ denied Osibamowo's request for cancellation of removal after concluding that Osibamowo had not demonstrated that his removal would cause his wife or sons exceptional and extremely unusual hardship. Osibamowo argues that the Bureau of Citizenship and Immigration Services and the BIA improperly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjudicated and delayed adjudication of his wife's applications on his behalf for adjustment of status. He also argues that the IJ improperly denied his request for a continuance while the second of these applications was pending.

A court can review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "Failure to exhaust an issue creates a jurisdictional bar as to that issue." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA - either on direct appeal or in a motion to reopen." *Id.* Because Osibamowo did not raise the above issues before the BIA and does not argue due process violations "except for procedural errors that are correctable by the BIA," we lack jurisdiction to consider these issues. *Id.*

Next, Osibamowo argues that the IJ erred in finding that he had not demonstrated the requisite hardship under 8 U.S.C. § 1229b(b)(1)(D). However, we lack jurisdiction to review this issue because the IJ's hardship determination was a discretionary decision rather than a legal or nondiscretionary decision. *See* § 1252(a)(2)(B); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004).

Last, Osibamowo argues that the BIA erred by holding him to a new, non-retroactive standard in denying his ineffective assistance of counsel claim. Although Osibamowo listed ineffective assistance of counsel in his notice of appeal as an issue he intended to appeal to the BIA, his brief to the BIA contained no argument on or analysis of that issue. "[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised *and argued* in his brief before the BIA." *Abebe v. Mukasey*, 548 F.3d 787, 791 (9th Cir. 2008) (emphasis added). As Osibamowo's claim of ineffective assistance of counsel is

2

unexhausted, we lack jurisdiction to review it. *See Roy,* 389 F.3d at 137.

The petition for review is DISMISSED for lack of jurisdiction.