# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2018

Lyle W. Cayce
Clerk

NORMA BUSTILLO-RAMIREZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 710 284

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Norma Bustillo-Ramirez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the immigration judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She challenges, however, only the BIA's: affirming the IJ's finding she failed to show her membership in a particular social group was a central reason for her

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

past persecution by a local gang; and ruling she waived her challenge to the IJ's denial of CAT relief.

Just the BIA's decision is reviewed, except to the extent the "IJ's decision ha[d] some impact on the BIA's decision". *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial-evidence standard; legal questions, *de novo*. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).

Under the substantial-evidence standard, an immigration court's factual findings may not be reversed unless "the evidence was so compelling that no reasonable factfinder could conclude against it". *Wang*, 569 F.3d at 537; 8 U.S.C. § 1252(b)(4)(B). In that regard, Bustillo has the burden of demonstrating the evidence compels a contrary conclusion. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

The IJ found the local gang had not been motivated to persecute Bustillo and her family based on their membership in a particular social group, but was instead driven by a desire to increase the gang's power, influence, and ability to sell drugs without detection. Bustillo contends the gang was evidently motivated by her family's refusal to help the gang's drug-trafficking activities because the gang persisted in targeting Bustillo and her family, even after, according to Bustillo, they were no longer able to benefit the gang criminally or financially. She fails to show the record compels a conclusion contrary to the IJ's finding in that regard. *E.g.*, *id.*

Bustillo's brief to the BIA, for which she had counsel, made a general statement that she was appealing from the IJ's denial of her applications for asylum, withholding of removal, and CAT relief. Her stated issues and arguments, however, were directed solely at the IJ's denial of asylum, specifically, whether she had established past persecution due to her

No. 17-60597

membership in a particular social group. She did not brief to the BIA any grounds for CAT relief. Accordingly, the BIA did not err by holding she waived any challenge to the IJ's denial of that relief. *E.g.*, *Osibamowo v. Holder*, 374 F. App'x 544, 544–45 (5th Cir. 2010); *In re Z-Z-O-*, 26 I. & N. Dec. 586, 586 n.1 (B.I.A. 2015).

DENIED.