Jiang v. Lynch

BIA
Christensen, IJ
A077 571 408

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MIN JIANG,
> *Petitioner,*

v.                                    14-2372
                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jay Ho Lee, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Carl
                       McIntyre, Assistant Director; Nancy
                       E. Friedman, Senior Litigation

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Jiang, a native and citizen of the People's Republic of China, seeks review of a June 6, 2014, decision of the BIA affirming an August 30, 2012, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Jiang,* No. A077 571 408 (B.I.A. June 6, 2014), *aff'g* No. A077 571 408 (Immig. Ct. N.Y. City Aug. 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(iii). "[The] alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir. 2008).

The agency did not err in finding that Jiang failed to establish a well-founded fear of persecution on account of her religion. As an initial matter, contrary to Jiang's contention, the BIA did not err in reviewing for clear error the IJ's factual findings underlying his well-founded fear

3

determination. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134-35 (2d Cir. 2012); *see also In re Z-Z-O-*, 26 I. & N. Dec. 586, 590 (BIA 2015). And, although the BIA failed to recognize the IJ's positive credibility determination, that error was harmless given that it assumed Jiang's credibility for purposes of her appeal. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

The agency did not err in determining that Jiang failed to establish a pattern or practice of persecution of similarly situated individuals such that officials are likely to become aware of her religious practice and persecute her on that account. *See Hongsheng Leng*, 528 F.3d at 143. As the IJ found, the country conditions evidence in the record established that between fifty and seventy million Christians practice in unregistered churches in China, and that in some areas their activities, including proselytism, are tolerated without interference. Therefore, despite evidence of sporadic mistreatment of religious practitioners, Jiang failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China. *In re A-M-*, 23 I. & N. Dec.

4

737, 741 (B.I.A. 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim).

The agency also reasonably found that Jiang failed to establish an objectively reasonable fear of being singled out for persecution. Jiang did not assert that Chinese officials are aware of her religious practice. And, given the tens of millions of unregistered Christian practitioners in China, she did not demonstrate that Chinese officials are likely to discover her religious activities, a showing required to establish an objectively reasonable fear. *See Hongsheng Leng*, 528 F.3d at 143.

Accordingly, because the agency reasonably found that Jiang failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk