**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FEDERICO DIEGO DE DIEGO, | No. 13-72048 |
| Petitioner, | Agency No. A077-424-906 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2017
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Federico Diego de Diego[1] petitions for review of the Board of Immigration

Appeals's (BIA) order dismissing his appeal from an immigration judge's (IJ)

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] The docket identifies the petitioner as "Frederico Diego de Diego," but the administrative record and his briefs reflect the name "Federico."  The Clerk is directed to amend the name listed on the docket consistent with the caption as it appears in this disposition.

removal order. Because Diego is removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), our jurisdiction is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We also retain jurisdiction to review denial of relief under the Convention Against Torture (CAT) where, as here, the IJ "does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits." *Morales v. Gonzales*, 478 F.3d 972, 980 (9th Cir. 2007); *but cf. Pechenkov v. Holder*, 705 F.3d 444, 451 (9th Cir. 2012) (Graber, J., concurring).

The BIA did not violate Diego's due process rights by affirming the IJ's decision and writing separately only to address Diego's "salient contentions on appeal." *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003). Diego received multiple full and fair hearings, and multiple detailed and reasoned opinions from the IJ.[2]

The IJ applied the correct legal standard in concluding that Diego committed particularly serious crimes, making him ineligible for withholding of removal

---

[2] In a separate opinion published today, we resolve Diego's claims that the BIA erred in terminating his asylee status and denying adjustment of status and waiver of inadmissibility. *See Diego v. Sessions*, — F.3d — (9th Cir. 2017)

under 8 U.S.C. § 1231(b)(3)(B)(ii).[3] *See Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014); *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007); *In re Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982).  Our review is limited to whether the agency applied the correct legal standard; we cannot reweigh the evidence.  *See Konou*, 750 F.3d at 1127.

The IJ did not err in concluding that Diego failed to demonstrate that he would more likely than not be tortured if he returned to Guatemala.  *See* 8 C.F.R. § 208.16(c)(2).  There is no indication that the IJ failed to consider all of the evidence, *see Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011), and nothing in the record compels the conclusion that Diego would more likely than not be tortured if he returned to Guatemala, *see Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013); *Morales*, 478 F.3d at 977.  The BIA did not err in reviewing for clear error the IJ's factual findings regarding the likelihood that Diego would be tortured.  *See Vitug*, 723 F.3d at 1063–64; *In re Z-Z-O-*, 26 I. & N. Dec. 586, 590 (BIA 2015).

---

[3] The IJ also did not err by failing to terminate Diego's prior grant of withholding of removal expressly; the IJ expressly terminated Diego's asylee status, denied Diego's application for asylum and withholding of removal, and ordered Diego removed to Guatemala.  The IJ's decision that Diego was ineligible for withholding of removal because he had committed particularly serious crimes and the IJ's order of removal make clear that the IJ was also terminating Diego's prior grant of withholding.  The IJ's and BIA's decisions are "clear enough" that we are not left to speculate about their determinations and rationales.  *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc).

3

**PETITION DISMISSED IN PART AND DENIED IN PART.**