Nunez v. Garland
BIA
Mulligan, IJ
A042 601 966

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

JOSE DE JESUS NUNEZ,
> *Petitioner*,

v.                                                            19-2080
                                                              NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:          Mary S. Harper, Esq., Andrea A. Sáenz, Esq., Brooklyn Defender Services, Brooklyn, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General, Linda S. Wernery, Assistant Director, Susan Bennett Green, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose de Jesus Nunez, a native and citizen of the Dominican Republic, seeks review of a June 19, 2019 decision of the BIA vacating a January 16, 2019 decision of an Immigration Judge ("IJ") granting Nunez's application for deferral of removal under the Convention Against Torture ("CAT"). *In re Jose De Jesus Nunez,* No. A 042 601 966 (B.I.A. June 19, 2019), *vacating* No. A 042 601 966 (Immig. Ct. N.Y. City Jan. 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "[T]he BIA may only review the IJ's factual findings to determine whether they are clearly

2

erroneous." *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006) (citing 8 C.F.R. § 1003.1(d)(3)(i), (iv)). In reviewing the BIA's application of the "clear error" standard, "we must determine whether the BIA has provided sufficient justification for its conclusion that the IJ has committed clear error . . . [and] make sure that the BIA has not violated the prohibition against making its own findings of fact." *Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016). An applicant for CAT relief has the burden to show that he would "more likely than not" be tortured by or with the acquiescence of public officials. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1). "In order to constitute torture, an act must be specifically intended to inflict severe pain and suffering," and an applicant must "provide some evidence of specific intent, direct or circumstantial." *Pierre v. Gonzales*, 502 F.3d 109, 119–20 (2d Cir. 2007) (internal quotation marks omitted). Harsh prison conditions do not constitute torture absent a specific intent to inflict severe pain and suffering. *See id.* at 121–22.

Here, the IJ found Nunez would likely be tortured if incarcerated in a Dominican prison because of his disabilities. The BIA did not apply the wrong legal standard in concluding that the IJ's determination was unsupported by the cited evidence. As the BIA observed, the IJ did not identify "sufficient evidence indicating that [harsh] prison conditions" in the Dominican Republic "resulted from the government's specific intent to inflict pain or suffering to individuals with mental health issues." Certified Administrative Record ("CAR") at 3 (citing *Matter of J-G-R-P-*, 27 I. & N. Dec. 482, 486–87 (BIA 2018)). The evidence, rather, could support only the conclusion that harsh conditions stemmed from poor training and lack of resources, both generally and with respect to mental health. Moreover, to the extent the IJ found that "security forces physically abused detainees," the BIA did not err in concluding that this "pattern" nonetheless did not "constitute sufficient grounds for determining that [Nunez] would be in danger of being subjected to torture upon his return[.]" CAR at 2–3; *see also J-G-R-P-*, 27 I. & N. Dec. at 486 (observing that, for CAT claims premised on

4

"experienc[ing] physical abuse at the hands of [prison] officials, it is the respondent's burden to show that it is more likely than not that *he* will be subjected to this abuse").

Furthermore, accepting the IJ's factual findings that Nunez experienced harassment and threats from gang members in U.S. detention, the BIA was entitled to conclude that these "underlying facts" did not "meet the legal requirements for relief[.]" *Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 591 (BIA 2015). The IJ found that two groups of detainees had twice attempted to "jump" Nunez but that officials had intervened. CAR at 89. As the BIA explained, "Torture does not include lesser forms of cruel, inhumane, or degrading treatment[.]" CAR at 3 (quoting 8 C.F.R. § 1208.18(a)(2)). Nunez did not show that similar incidents in the Dominican Republic would rise to the level of torture.[2]

---

[2] Because we conclude that the BIA applied the proper standard of review in determining that Nunez's experiences would not meet the legal definition of "torture," we do not reach his argument that the BIA engaged in impermissible factfinding when it concluded that his experience in U.S. detention was "insufficient to establish, in itself, that it is more likely than not the same will occur in the Dominican Republic[.]" CAR at 3.

Finally, contrary to Nunez's position, because the BIA addressed the likelihood of torture in prison, the likelihood of the steps leading to his imprisonment are not material. *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (AG 2006)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6