# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-60893
Summary Calendar

---

Nanifatu Osman; Saratu Kadir,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2022

Lyle W. Cayce
Clerk

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 856 619
Agency No. A216 856 620

---

Before Jolly, Jones, and Ho, *Circuit Judges*.

Per Curiam:*

Nanifatu Osman and Saratu Kadri,[1] a lesbian couple who are natives and citizens of Ghana, petition for review of the dismissal by the Board of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Although the case caption identifies the co-petitioner's surname as "Kadir," the proper spelling of her name is used herein.

No. 21-60893

Immigration Appeals (BIA) of their appeal from the denial of their joint applications for asylum, withholding of removal (WOR), and protection under the Convention Against Torture (CAT). The petitioners have also moved for a stay of removal, and the parties have filed a joint motion to remand the case to the BIA.

In their joint motion, the parties request a remand of the asylum and WOR claims on the ground that the BIA procedurally erred by failing to give meaningful consideration to the evidence supporting the petitioners' claims. *See Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018) (stating that "[t]he BIA's decision must reflect a meaningful consideration of all the relevant evidence supporting an asylum seeker's claims"). To the extent that the parties raise new procedural errors arising solely out of the BIA's decision, their arguments are unexhausted because they were not raised in a motion for reconsideration. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022). On the other hand, to the extent that the parties assert that the immigration judge (IJ) also made the same procedural errors, the parties failed to exhaust the issues by raising them in their appeal to the BIA. *See id.* Accordingly, we lack jurisdiction to review the claims raised in the joint remand motion. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020).

With respect to their substantive challenges to the denial of asylum and WOR, the petitioners first assert that the agency erred in finding that they failed to show past persecution in Ghana. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). For the first time in this review proceeding, the petitioners challenge the IJ's no-persecution finding on four specific grounds based primarily on extra-circuit jurisprudence. Because these four particular arguments were not fairly presented in the petitioners' counseled appeal to the BIA, *see Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009), the issues are not exhausted, and

this court lacks jurisdiction to consider them.  *See Martinez-Guevara*, 27 F.4th at 360; *Avelar-Oliva*, 954 F.3d at 766.

The petitioners' sole exhausted argument challenging the agency's past-persecution ruling is their generalized contention they suffered persecution based on the record evidence that Kadri was detained in 2017 for a week without food by her father, who threatened and injured her with a knife; Osman was threatened with death by her father; and the petitioners were sought outside a hotel in 2019 by an armed group that included their fathers.  However, the petitioners have failed to prove that the evidence regarding their treatment in Ghana not only supports a past-persecution finding but compels one.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *see, e.g., Gjetani v. Barr*, 968 F.3d 393, 395-96, 399 (5th Cir. 2020) (upholding an agency decision that an alien had not been persecuted where he was threatened with death three times within two weeks and was once assaulted with a belt and a sharp metal object, resulting in knee and toe injuries requiring stitches).

Next, the petitioners challenge the agency's determination that they do not have a well-founded fear of persecution in Ghana.  *See Zhang*, 432 F.3d at 344; *Efe*, 293 F.3d at 906.  With respect to the agency's underlying factual findings, including that Ghana's criminal law against same-sex conduct is rarely enforced and does not apply to female-only relationships and that Ghanaian police have resources for domestic violence victims and same-sex couples, the petitioners have failed to show that the record evidence compels their rejection.[2]  *See Chen*, 470 F.3d at 1134.  The petitioners have likewise

---

[2] The petitioners' challenge to the reliability of a Ghana Police Service letter included in the country conditions evidence is raised for the first time in this review proceeding; accordingly, that argument is unexhausted, and we lack jurisdiction to consider it.  *See Martinez-Guevara*, 27 F.4th at 360; *Avelar-Oliva*, 954 F.3d at 766.

failed to establish that the BIA legally erred in concluding that their fear of persecution is not objectively reasonable. *See Eduard v. Ashcroft*, 379 F.3d 182, 191 (5th Cir. 2004); *see also Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 590–91 (BIA 2015). Ultimately, then, the agency's denial of the petitioners' claims for asylum and WOR is supported by substantial evidence. *See Chen*, 470 F.3d at 1134.

Finally, while the petitioners assert that they are eligible for protection under the CAT, they have wholly failed to address the BIA's determination that they waived any challenge to the IJ's denial of their CAT claim by neglecting to assert it in their appeal to the BIA. By failing to address the basis for the BIA's decision, the petitioners have effectively abandoned any challenge to the BIA's dismissal of their appeal from the denial of their CAT claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In light of the foregoing, the petitioners' motion to stay removal is DENIED, the parties' joint motion to remand is DENIED, and the petition for review is DISMISSED IN PART and DENIED IN PART.