NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Luis Arturo Tuz Yah, | No. 21-888 |
| Petitioner, | Agency No. A205-465-642 |
| v. | MEMORANDUM* |
| Merrick B. Garland, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 07, 2023**
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and KATZMANN,***
Judge.

Luis Arturo Tuz Yah, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals ("BIA") decision adopting and affirming

the immigration judge's ("IJ") denial of Tuz Yah's claims for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny in part and dismiss in part the petition for review.

1. Substantial evidence supports the agency's conclusions that Tuz Yah is not entitled to asylum or withholding of removal because Tuz Yah failed to establish a nexus between the alleged persecution and a protected ground. The agency appropriately concluded that, even assuming relatives of Tuz Yah's father and "business owners in Mexico" are cognizable social groups, Tuz Yah failed to establish the required nexus between the alleged persecution and either group where Tuz Yah testified that the people who extorted his father were unrelated to those who harmed his brother and that the people who harmed his brother were likewise unrelated to those who harmed Tuz Yah. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021) (holding that gang attacks against anyone who can pay regardless of the reason for the victim's wealth fail to establish the required nexus to a protected ground).

The agency also did not err in concluding that "persons returning to Mexico with strong ties to the United States," and "Chicano males between the ages of 18 and 40, returning to the United States after a long residence in the United States," are not cognizable social groups. *See, e.g., Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1149–52 (9th Cir. 2010) (explaining that groups that are

2

"too broad" do not qualify "as a cognizable social group" and holding that "returning Mexicans from the United States" does not qualify as a cognizable social group).

Finally, we lack jurisdiction to review Tuz Yah's due process argument because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (explaining that this court lacks jurisdiction to consider unexhausted due process claims that the agency could have remedied if raised before the BIA).

2.      Substantial evidence supports the agency's conclusion that Tuz Yah failed to establish that he is more likely than not to be tortured with the acquiescence of the government if returned to Mexico. *See Delgado-Ortiz*, 600 F.3d at 1152 (holding that "generalized evidence of violence and crime in Mexico is not particular [enough to satisfy the] standard" that "it is more likely than not that [a petitioner] would be tortured if returned to Mexico").[1]

**PETITION DENIED in part and DISMISSED in part.**

---

[1] We also reject Tuz Yah's argument that the BIA applied the wrong standard when reviewing the IJ's findings of fact regarding Tuz Yah's likelihood of suffering torture if returned to Mexico. *See Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013) (explaining that facts subject to clear-error review include expressions of likelihood based on testimony and evidence); *Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 590 (BIA 2015) ("[A]n Immigration Judge's predictive findings of what may or may not occur in the future are findings of fact, which are subject to a clearly erroneous standard of review.").