*Rodriguez-Figueroa v. Garland*

BIA
Baumgarten, IJ
A215 673 382

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-three.

Present:
> DENNY CHIN,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

ELMER AUGUSTO RODRIGUEZ-FIGUEROA,

> *Petitioner*,

> v.                                                                          19-4233

MERRICK B. GARLAND, United States Attorney General,

> *Respondent*.

---

For Petitioner:          JAMES Y. PARK (Edmund Polubinski III, Daniel S. Magy, *on the brief*), Davis Polk & Wardwell LLP, New York, NY

For Respondent:          JOANNA L. WATSON, Trial Attorney (Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** in part and **DENIED** in part.

Petitioner Elmer Augusto Rodriguez-Figueroa, a native and citizen of Honduras, seeks review of a December 5, 2019, decision of the BIA affirming a June 24, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Elmer Augusto Rodriguez-Figueroa,* No. A 215 673 382 (B.I.A. Dec. 5, 2019), *aff'g* No. A 215 673 382 (Immig. Ct. Batavia June 24, 2019). We assume the parties' familiarity with the case.

The IJ denied asylum and withholding of removal on several grounds. First, the IJ concluded that although Rodriguez-Figueroa's testimony was generally credible, he failed to sufficiently corroborate his testimony regarding persecution. The IJ noted in the alternative that even if his testimony was sufficiently corroborated, his testimony failed to demonstrate a nexus between any past persecution and his membership in a legally cognizable social group. The IJ also concluded that any fear of harm based on past persecution was no longer well-founded due to lack of evidence that the Honduran government was unwilling or unable to protect him and that relocation would be futile. The IJ also denied Rodriguez-Figueroa's CAT claim because he failed to sufficiently corroborate his testimony and accordingly did not establish past persecution under the less demanding asylum standard.

The BIA affirmed the IJ's decision regarding the asylum and withholding of removal claims based on Rodriguez-Figueroa's failure to demonstrate a well-founded fear of persecution based on a protected ground. Further, because the BIA concluded that Rodriguez-Figueroa did not challenge the IJ's findings regarding relocation or government acquiescence, the BIA deemed

2

them waived. Based on that resolution, the BIA did not reach either the IJ's corroboration finding or its finding that Rodriguez-Figueroa's claimed social groups are not cognizable. The BIA also affirmed the IJ's dismissal of the CAT claim, concluding that Rodriguez-Figueroa waived any challenge to that decision because he did not raise it in his brief to the BIA.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

### I. Asylum and Withholding of Removal

We deny the petition as to asylum and withholding of removal because the agency did not err in finding that Rodriguez-Figueroa failed to establish a nexus to a protected ground. An applicant for asylum and withholding of removal must establish "a sufficiently strong nexus" between suffered or feared harm and a protected ground of race, religion, nationality, membership in a particular social group, or political opinion. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). That is, he must show that one of these grounds was "at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (extending the "one central reason" standard to withholding claims).

Substantial evidence supports the agency's determination that there was no nexus between Rodriguez-Figueroa's claimed harm and a protected ground. Rodriguez-Figueroa asserted a nexus to his membership in a particular social group and an imputed anti-gang political opinion, but his testimony clearly showed that his abusers' motivation was a desire to obtain information about their nephew's death, which was not tethered to any protected ground. *See Yueqing Zhang*

3

*v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (requiring the applicant to show "that the persecutor's motive to persecute arises from" the applicant's protected status); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]."); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (harm suffered as a result of "general crime conditions" is not persecution on account of a protected ground). The agency's nexus finding is dispositive of Rodriguez-Figueroa's claims for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding).

## II. CAT Relief

We grant the petition and remand to the BIA for reconsideration of Rodriguez-Figueroa's CAT claim because the BIA erred in finding that he waived his CAT claim on appeal. The BIA may deem an issue waived where "[t]he respondent has not meaningfully challenged the [IJ's] decision to deny" relief. *See Matter of Z–Z–O–*, 26 I. & N. Dec. 586, 586 n.1 (B.I.A. 2015). The IJ denied CAT relief based on her analysis in the asylum and withholding of removal context: Rodriguez-Figueroa did not "corroborate his claim," CAR 108, and failed to establish a sufficient likelihood of persecution under asylum's less demanding standard.

Although in his brief to the BIA Rodriguez-Figueroa did not expressly challenge the IJ's denial of his CAT claim or the IJ's specific findings that he did not establish government acquiescence or futility of relocation (which were independent grounds for dismissal of his CAT claim), a fair reading of that brief is that Rodriguez-Figueroa generally challenged the IJ's conclusion that his testimony lacked corroboration. While this is a close call, we conclude that

4

Rodriguez-Figueroa's general challenge to the IJ's corroboration findings encompassed a challenge to the IJ's rejection of his CAT claim, including the relocation and government acquiescence issues, which in this particular case had substantial factual overlap with his claims of past persecution. Accordingly, we remand for the BIA to consider the merits of the CAT claim in the first instance.

For the foregoing reasons, the petition for review is **GRANTED** in part and **DENIED** in part and the case is **REMANDED** for further consideration of the CAT claim. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court