# Matter of Z-Z-O-, Respondent

*Decided May 26, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An Immigration Judge's predictive findings of what may or may not occur in the future are findings of fact, which are subject to a clearly erroneous standard of review. *Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008), and *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008), overruled.

(2) Whether an asylum applicant has an objectively reasonable fear of persecution based on the events that the Immigration Judge found may occur upon the applicant's return to the country of removal is a legal determination that is subject to de novo review.

FOR RESPONDENT: Thomas J. Tarigo, Esquire, Los Angeles, California

BEFORE: Board Panel: GRANT, MULLANE, and CREPPY, Board Members.

MULLANE, Board Member:

In a decision dated October 25, 2010, an Immigration Judge found the respondent removable and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted and opened for signature Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The respondent has appealed from that decision.[1] The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of China who was admitted to the United States on February 24, 2007, as a B-2 nonimmigrant visitor for pleasure with authorization to remain until August 23, 2007. On October 10, 2007, he filed an asylum application with the United States

---

[1] The respondent has not meaningfully challenged the Immigration Judge's decision to deny his applications for withholding of removal and protection under the Convention Against Torture, so we consider any issues in that regard waived. *See Matter of R-A-M-*, 25 I&N Dec. 657, 658 n.2 (BIA 2012).

Citizenship and Immigration Services. The case was subsequently referred to the Immigration Judge and removal proceedings were initiated. In a hearing before the Immigration Judge, the respondent admitted that he remained in the United States longer than permitted and conceded that he is removable.

Regarding his application for asylum, the respondent testified that he and his wife have one son who was born in China on August 1, 1989. Sometime in October 2006, the couple learned that the respondent's wife was approximately 1 month pregnant.

On November 9, 2006, family planning officials visited the respondent's wife at her work unit and asked her to undergo an examination to determine whether she was pregnant. She denied that she was pregnant and refused to have the examination. The family planning director then ordered two officials to push the respondent's wife out of the office, causing her to fall down the stairs. After the fall, she felt a pain in her abdomen and asked the officials to take her to the hospital.

According to the respondent, tests conducted at the hospital revealed that his wife was pregnant but that she might have a miscarriage. However, she did not miscarry that day and was permitted to return home. She miscarried the next morning.

The respondent also testified that on December 18, 2006, the family planning director accompanied his wife to the hospital to have an intrauterine device implanted. He stated that his wife did not tell him how she was taken to the hospital. Following the procedure, he and his wife were criticized during a company meeting and their wages were reduced. At the end of December 2006, the respondent and his wife received a written notice from the family planning authorities stating that one of them was required to undergo a sterilization procedure. Shortly thereafter, the respondent decided to leave China to come to the United States.

The Immigration Judge determined that the respondent did not establish eligibility for asylum and denied his application. The respondent appealed, arguing that he qualifies as a "refugee" because he has been harmed and was threatened with harm on account of China's one-child policy. The respondent asserts that he has shown past persecution and that he is entitled to a presumption of future persecution. He also argues that he has a well-founded fear of persecution because "he fled subject to the threat of forced sterilization."

## II. ANALYSIS

We review the Immigration Judge's findings of fact, including the determination of credibility, under the "clearly erroneous" standard.

8 C.F.R. § 1003.1(d)(3)(i) (2014).  We review de novo questions of law, discretion, judgment, and all other issues in appeals from decisions of Immigration Judges.  8 C.F.R. § 1003.1(d)(3)(ii).  The respondent's asylum application is governed by the provisions of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302.  *See Matter of S-B-*, 24 I&N Dec. 42 (BIA 2006).

The Immigration Judge raised concerns regarding the reliability and credibility of the respondent's testimony, which he described as confused, inconsistent, and nonresponsive.  However, he ultimately declined to make an adverse credibility finding and determined that the respondent was credible under the totality of the circumstances.

Accepting the Immigration Judge's credibility finding, we agree with his determination that the respondent did not satisfy the burden of proving his eligibility for asylum.  *See* section 208(b)(1)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1)(B)(i) (2012); 8 C.F.R. § 1208.13(a)−(b) (2014).  The Immigration Judge made factual findings based on the evidence in the record that have not been shown to be clearly erroneous.  *See* 8 C.F.R. § 1003.1(d)(3)(i); *see also Matter of J-Y-C-,* 4 I&N Dec. 260, 263 (BIA 2007) (citing *United States v. Nat'l Ass'n of Real Estate Bds.*, 339 U.S. 485, 495 (1950) (stating that a factual finding is not "clearly erroneous" merely because there are two permissible views of the evidence)).  There is no adequate basis to disturb the Immigration Judge's determination that the respondent did not demonstrate that he suffered past persecution or has a well-founded fear of future persecution in China on account of a protected ground.

## A.  Past Persecution

We agree with the Immigration Judge that the respondent did not establish that he experienced harm rising to the level of persecution in China on account of a protected ground enumerated in section 101(a)(42) of the Act, 8 U.S.C. § 1101(a)(42) (2012).  The respondent was never physically harmed in China.  Moreover, although his wife's 2006 miscarriage was an undeniably tragic event, it does not constitute persecution of the respondent on account of a protected ground.

The Immigration Judge found no indication that officials intended for the respondent's wife to have a miscarriage, such that their conduct would constitute a forced abortion.  There is also no indication that the incident surrounding his wife's miscarriage was a punishment meted out by the Chinese Government for any actual or perceived acts of resistance the respondent or his wife engaged in against the family planning policy.  *See Matter of J-S-*, 24 I&N Dec. 520, 535 (A.G. 2008) (stating that a

spouse who has not been subjected to forced sterilization must demonstrate "other resistance" to a coercive population control program); *cf. Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1094–95 (9th Cir. 2010) (finding on the totality of the circumstances that the applicant established persecution based on "other resistance" where he neither supported nor acquiesced in his girlfriend's forced abortion, which "took place as part of a series of events that reflect [his] persistent defiance of the coercive population control program").

The Immigration Judge's determination that the respondent did not face economic sanctions rising to the level of persecution has not been specifically disputed. In addition, the Immigration Judge properly found that the notice informing the respondent and his wife that one of them should be sterilized was not a threat that rose to the level of persecution. There is no indication that the respondent was pursued or harmed after the notice was issued. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (finding that unfulfilled threats "constitute harassment rather than persecution"); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997))).

The Immigration Judge correctly concluded that the respondent's experiences in China, when considered either individually or cumulatively, did not constitute past persecution. Accordingly, the presumption of a well-founded fear of persecution does not apply, and the respondent has the burden of establishing that he has a well-founded fear of future persecution on account of a protected ground upon his return to China. *See* 8 C.F.R. § 1208.13(a)−(b); 8 C.F.R. § 1240.8(d) (2014).

## B. Standard of Review for Predictive Findings of Fact

We first examined the issue of the appropriate standard of review for Immigration Judge findings regarding the possibility of future events in two companion cases, *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008), and *Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008).[2] *In Matter of A-S-B-*, 24 I&N Dec. at 498, we reasoned that "speculative findings about what may or may not occur to the respondent in the future . . . is not fact-finding, because . . . it is impossible to declare as 'fact' things that have not yet occurred." Likewise, in *Matter of V-K-*, 24 I&N Dec. at 501, we stated that "while we reviewed the Immigration Judge's factual rulings for clear error,

---

[2] Both cases were decided following a remand from the courts of appeals, which specifically asked us to address this issue.

we do not consider a prediction of the probability of future torture to be a ruling of 'fact.'"

Subsequent to our decisions, the United States Courts of Appeals for the Second, Third, Fourth, Seventh, Ninth, and Eleventh Circuits have addressed the standard of review that should be applied to Immigration Judge findings regarding the possibility of future events. They have all held that an Immigration Judge's finding that a future event will occur is a finding of fact that the Board must review under the clearly erroneous standard. *Rosiles-Camarena v. Holder*, 735 F.3d 534, 538–39 (7th Cir. 2013); *Vitug v. Holder*, 723 F.3d 1056, 1063–64 (9th Cir. 2013); *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1314 (11th Cir. 2013); *Ridore v. Holder*, 696 F.3d 907, 915–19 (9th Cir. 2012); *Hui Lin Huang v. Holder*, 677 F.3d 130, 134–35 (2d Cir. 2012); *Turkson v. Holder*, 667 F.3d 523, 529–30 (4th Cir. 2012); *Huang v. Att'y Gen. of U.S.*, 620 F.3d 372, 382–83 (3d Cir. 2010); *Kaplun v. Att'y Gen. of U.S.*, 602 F.3d 260, 269–72 (3d Cir. 2010).

In concluding that an Immigration Judge's forecasting of future events constitutes a factual finding, the circuit courts have noted that a determination of what will occur in the future has historically and regularly been regarded as a factual finding, even outside the context of immigration law, and they rejected our interpretation of the regulations. *See, e.g.*, *Turkson v. Holder*, 667 F.3d at 529 n.6; *Kaplun v. Att'y Gen. of U.S.*, 602 F.3d at 269–70. The courts have held that although future events have not yet occurred in the literal sense, the "present probability of a future event . . . is what a decision-maker in an adjudicatory system decides now as part of a factual framework for determining legal effect." *Hui Lin Huang v. Holder*, 677 F.3d at 134 (quoting *Kaplun v. Att'y Gen. of U.S.*, 602 F.3d at 269) (internal quotation mark omitted).

In light of these circuit court decisions, we now hold that an Immigration Judge's predictive findings of what may or may not occur in the future are findings of fact, which are subject to a clearly erroneous standard of review. We therefore overrule *Matter of A-S-B-* and *Matter of V-K-* as they relate to this issue.[3]

However, whether an asylum applicant has established an objectively reasonable fear of persecution based on the events that the

---

[3] To the extent that our decision in *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209 (BIA 2010), *abrogated by Hui Lin Huang v. Holder*, 677 F.3d 130, relied on *Matter of A-S-B-* and *Matter of V-K-* with respect to the standard of review for predictive factual findings, we will no longer follow it. We do not address, and do not disturb, our other conclusions in that case, including those relating to the significance of State Department reports and our authority to afford different weight to the evidence from that given by the Immigration Judge. *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. at 212−13.

Immigration Judge found may occur upon the applicant's return to the country of removal is a legal determination that remains subject to de novo review. *See Liu Jin Lin v. Holder*, 723 F.3d 300, 307 (1st Cir. 2013) ("[T]he question of whether 'the possibility of . . . events occurring gives rise to a well-founded fear of persecution under the circumstances of the alien's case' is a conclusion that the [Board] reviews de novo." (quoting *Huang v. Att'y Gen. of U.S.*, 620 F.3d at 383) (citations omitted)); *Hui Lin Huang v. Holder*, 677 F.3d at 135 (stating that de novo review is properly applied to an Immigration Judge's determination that an asylum applicant has not satisfied the burden to establish an objectively reasonable fear of persecution); *Huang v. Att'y Gen. of U.S.*, 620 F.3d at 384 n.8 (noting that fundamental to the inquiry whether the asylum applicant has a well-founded of persecution is the factual determination regarding whether the event the alien fears is possible and that "an equally fundamental component of the analysis requires a [legal] judgment about whether the possible event actually gives rise to a reasonable fear").

Accordingly, we will accept the underlying factual findings of the Immigration Judge unless they are clearly erroneous, and we will review de novo whether the underlying facts found by the Immigration Judge meet the legal requirements for relief from removal or resolve any other legal issues that are raised. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014) (finding that the Board properly "applied the factors outlined in [*Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982),] to the facts found by the Immigration Judge to reach the legal conclusion that [the alien's] conviction was for a particularly serious crime"); *Waldron v. Holder*, 688 F.3d 354, 361 (8th Cir. 2012) (stating that the Board's role is "to accept the facts as found by the [Immigration Judge] and determine de novo whether those facts rose to the level of 'exceptional and extremely unusual hardship' as a matter of law"); *Kaplun v. Att'y Gen. of U.S.*, 602 F.3d at 272 n.9 (stating that the Board has "the authority to review *de novo* whether an Immigration Judge's factual findings . . . satisfy an ultimate statutory standard"); *see also Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002) (emphasizing that the regulatory change limiting the Board's fact-finding authority "adds meaningful force to an Immigration Judge's decision and heightens the need for Immigration Judges to include clear and complete findings of fact in their decisions").

## C. Well-founded Fear of Persecution

Applying these standards of review, we agree with the Immigration Judge that the respondent did not establish that he faces a well-founded fear of persecution upon his return to China on account of a statutorily protected

ground. The Immigration Judge found that after the respondent received the purported sterilization notice, he faced no reported harm when he returned to China following a trip abroad. The Immigration Judge also determined that the authorities have not subjected the respondent's wife, who has remained in China, to forced sterilization.

Furthermore, the Immigration Judge found that despite the respondent's speculative belief that his wife was not sterilized because she cannot have a child without him in China, the authorities' focus had been, and continues to be, on the respondent's wife. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (stating that there is no requirement that evidence be interpreted in a manner advocated by the applicant); *Matter of D-R-*, 25 I&N Dec. 445, 454−55 (BIA 2011) (explaining that an Immigration Judge may make reasonable inferences from direct and circumstantial evidence in the record as a whole and is not required to accept a respondent's account where other plausible views of the evidence are supported by the record). The Immigration Judge noted that although family planning officials have since visited the respondent's wife and asked her to be sterilized, there is no indication that they have attempted to sterilize her by force after issuing the 2006 sterilization notice. On this record, the Immigration Judge reasonably found the respondent's claim that he is a target for sterilization by family planning authorities to be unpersuasive.

The Immigration Judge's factual findings regarding what may have occurred in China and what could occur if he is returned there are supported by the record and are not clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). The respondent has not otherwise identified record evidence that the Chinese authorities have shown any interest in seeking him out for sterilization pursuant to the 2006 notice in the many years after its issuance. Nor has he pointed to evidence that they may seek to persecute him for any other reason. Based on the Immigration Judge's factual findings and the existing evidence of record, we conclude that he properly determined that the respondent did not satisfy his burden of showing that his fear of being sterilized by force, or of suffering other persecutory harm upon his return to China, was objectively reasonable.

## III. CONCLUSION

The respondent did not demonstrate past persecution or a well-founded fear of future persecution on account of a statutorily protected ground.

Therefore, the Immigration Judge properly denied his asylum application. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.