**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUDIS O. VASQUEZ CHAVEZ, AKA
Rudis Omar Vasquez Chavez,

      Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

      Respondent.

No.   17-71544

Agency No. A095-019-996

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2020
San Francisco, California

Before: PAEZ, BEA, and FRIEDLAND, Circuit Judges.

Rudis Vasquez Chavez ("Vasquez") petitions for review of his final order of
removal after the Board of Immigration Appeals ("BIA") reversed the decision of
the Immigration Judge ("IJ"), which had allowed Vasquez to avoid removal by
adjusting his status to that of a lawful permanent resident under 8 U.S.C. § 1255(i).
We have jurisdiction under 8 U.S.C. § 1252, grant the petition, and remand the

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

matter to the BIA.

Although we lack jurisdiction to review the discretionary decisions of the BIA to deny adjustment of status, *see* 8 U.S.C. § 1252(a)(2)(B)(i), we have jurisdiction to address "questions of law" pertaining to the BIA's exercise of discretion, 8 U.S.C. § 1252(a)(2)(D). Whether the BIA accorded the factual findings of the IJ appropriate deference under the "clear error" standard and whether the BIA engaged in impermissible fact finding are legal claims we evaluate de novo. *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012); *see* 8 C.F.R. § 1003.1(d)(3)(i), (iv).

After the government agreed that Vasquez was eligible for adjustment of status under 8 U.S.C. § 1255(i), the IJ held an evidentiary hearing to determine whether to exercise his discretion to grant Vasquez's application for adjustment of status. At the conclusion of the hearing, after receiving Vasquez's testimony and reviewing documentary evidence, the IJ took "into account the social and humane considerations presented in [Vasquez's] favor and balance[ed] them against the adverse factors that evidence[d] [Vasquez's] undesirability as a permanent resident." Then the IJ, in his discretion, granted Vasquez's application for adjustment of status. Despite Vasquez's history of arrests and convictions for DUIs, the IJ found that Vasquez "readily admitted his wrongdoings" and that Vasquez was "both able and willing to take the steps necessary to ensure that he

2

does not drink again and, more importantly, that he never drinks and drives again." The IJ credited Vasquez's testimony that this time would be different because the removal proceedings "appear[ed] to have been the incident that served as [Vasquez's] rock bottom." The IJ found that Vasquez's commitment to substance abuse counseling and his family's professed willingness to support him—both emotionally and by driving him to future counseling sessions—would assist him in "maintain[ing] his newfound sobriety."

Supporting his decision to grant adjustment of status, the IJ's decision is best read as making the predictive, factual finding that Vasquez is unlikely to commit another DUI offense. The scope of this finding is embodied in the IJ's statement that Vasquez was "able and willing to take the steps necessary to ensure . . . that he never drinks and drives again." Under established law, the BIA was required to credit this factual determination unless the finding was "clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i); *see Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012).

There is nothing unusual about an IJ making predictive, factual determinations about the likelihood that crimes will be committed in the future. In removal proceedings, IJs regularly must determine whether an alien is likely to be the victim of persecution or torture in another country if removed from the United States. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(c)(4). These factual determinations are accorded deference and reviewed under the clear error standard.

*Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013) ("'Facts include . . . states of mind such as intentions and opinions' and 'expressions of likelihood based on testimony (both lay and expert) and/or documentary evidence.'" (quoting *Kaplun v. Att'y Gen.*, 602 F.3d 260, 269–70 (3d Cir. 2010)); *Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 590 (BIA 2015) ("[A]n Immigration Judge's predictive findings of what may or may not occur in the future are findings of fact, which are subject to a clearly erroneous standard of review."). Nothing about the IJ's predictive, factual determination here that Vasquez is unlikely to be a perpetrator (rather than a victim) of a crime in the United States (rather than in another country) distinguishes the finding from the more typical predictive finding in removal proceedings that is accorded deference.

Although the BIA was required to credit the IJ's factual determinations, unless they were clearly erroneous, "[t]he Board may review questions of law, discretion, and judgment" de novo. 8 C.F.R. § 1003.1(d)(3)(ii). Thus, in reviewing the IJ's grant of adjustment of status, the BIA was bound (absent clear error) by the IJ's factual findings about the existence and nature of equities weighing for and against granting the application for adjustment of status, including the finding that Vasquez was unlikely to commit a DUI in the future. Accepting these findings true, the BIA was free to reweigh the equities as it saw fit. *See Ridore*, 696 F.3d at 921–22.

In reversing the IJ's decision to grant adjustment of status, the BIA held that Vasquez's "history of recidivism undermine[d] his claim of rehabilitation," that he "ha[d] not shown persuasive evidence of rehabilitation," and that he posed "a continuing risk to the public." The most natural reading of these statements is that the BIA disagreed with the IJ that Vasquez was "able and willing to take the steps necessary to ensure . . . that he never drinks and drives again." In doing so, the BIA rejected the IJ's factual determination without applying the clear error standard.

To be sure, the BIA's overall conclusion was that "consider[ing] the totality of the circumstances," Vasquez's "pattern of criminal conduct outweigh[ed] the positive factors in this case." Unlike its other statements, this conclusion is most naturally read as the BIA properly applying de novo review to the IJ's discretionary decision to grant Vasquez adjustment of status. But the BIA reached that conclusion only after having failed to "faithfully employ[] the clear error standard" to the facts found by the IJ, so its "invocation of" the correct standard of review is insufficient. *See Rodriguez*, 683 F.3d at 1170.

The BIA's decision to reverse the IJ thus presents a section that reads as an impermissible rejection of the IJ's factual findings but a conclusion that reflects the BIA's awareness of the permissible scope of its discretion. Therefore, we grant Vasquez's petition for review and remand the matter to the BIA with instructions to reconsider Vasquez's application for adjustment of status while according the

5

IJ's factual findings deference under the clear error standard.

**PETITION FOR REVIEW GRANTED AND REMANDED.**