NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMANDO NUNEZ-SALGADO, AKA
Spider Nunes,

                              Petitioner,

v.

WILLIAM P. BARR, Attorney General,

                              Respondent.

No.    19-70568

Agency No. A073-886-461

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2020[**]
San Francisco, California

Before:  HAWKINS and PAEZ, Circuit Judges, and RESTANI,[***] Judge.

Armando Nunez-Salgado petitions for review of the Board of Immigration

Appeals's (BIA) reversal of the Immigration Judge's (IJ) grant of deferral of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

removal under the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). We grant the petition for review and remand to the BIA.

The BIA erred by reviewing de novo the IJ's findings of fact. *See* 8 C.F.R. § 1003.1(d)(3)(i); *Matter of S-H-*, 23 I & N Dec. 462, 464 (BIA 2002). The IJ first concluded Nunez-Salgado had experienced "numerous incidents of police brutality," one of which was "severe enough to potentially qualify as torture." Second, she explained that the country conditions evidence provided by Nunez-Salgado gave important credibility to the police's threats that they would "get rid of [Nunez-Salgado]" if they saw him again. Third, she noted that Nunez-Salgado's appearance and personal history—including "[e]vidence [that his] former gang life is tattooed on his face"—"signaled to Mexican police that he was a person to be wary of," and he was "repeatedly abused" by police "because he appears to be a gang member." Finally, she stated that Nunez-Salgado "cannot safely relocate in Mexico," because he had experienced violence at the hands of police in three different cities in Mexico. "After considering all the evidence," she held it would "only be a matter of time before Mexican police misconduct against him crosses the line demarcating brutality from torture."

The BIA held that the IJ's conclusion that the violence against Nunez-Salgado will eventually "cross[] the line" into torture was too "speculative"

2

because the violence "did not steadily escalate." In so holding, the BIA displaced a factual—not legal—finding.[1] "The clear error standard does not allow the BIA to reweigh the evidence when the IJ's account of the evidence is plausible," *Guerra v. Barr*, 951 F.3d 1128, 1135 (9th Cir. 2020), and the conclusion that the violence against Nunez-Salgado escalated and will continue to escalate is, at least, plausible. Even though "[t]he only incident the Immigration Judge considered to 'potentially qualify as torture' was the third incident of 2014," that event was the final one to occur in Tijuana, before Nunez-Salgado moved to Rosarito. Once he moved, the violence began again and continued until he fled to the United States.

In addition, the BIA's statements amount to "conclusory pronouncement[s]" that the IJ erred, which is insufficient for clear error review. *Zumel v. Lynch*, 803 F.3d 463, 475 (9th Cir. 2015) (internal quotation marks omitted). Other than noting that the IJ's finding of likely torture was too "speculative," the BIA stated that the country conditions evidence was too "generalized" to establish a likelihood of torture. Although the IJ's findings were recounted in detail, the BIA did not provide any further explanation for the reversal. It did not address the aggregate

---

[1] An "Immigration Judge's predictive findings of what may or may not occur in the future are findings of fact[.]" *Matter of Z-Z-O-*, 26 I & N Dec. 586, 590 (BIA 2015). The parties agree on this. The government does not argue that the BIA properly reviewed de novo the legal question of whether Nunez-Salgado met his burden of proof under CAT; it argues that the BIA properly reviewed the IJ's fact findings for clear error.

risk of harm relied upon by the IJ and concluded only that the chain of the IJ's assumptions was insufficient—without specifying the deficient links in the chain or identifying additional facts that may have been needed.

Importantly, the IJ relied cumulatively on the threats made by police, Nunez-Salgado's appearance, his failed relocations within Mexico, and the country conditions evidence to conclude that he would likely be tortured if returned. The BIA's reasoning "misapprehends and thus misstates the totality of the IJ's findings and conclusions." *See Ridore v. Holder*, 696 F.3d 907, 918 (9th Cir. 2012); *see also Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011). The IJ did not "find that [Nunez-Salgado] was likely to be tortured just because there were 'acts of torture in [Mexico],'" *Ridore*, 696 F.3d at 918; she "inferred that [Nunez-Salgado's] specific circumstances . . . make him likely to attract attention of the police," *Guerra*, 951 F.3d at 1136.

The IJ's conclusions and findings were not illogical, implausible, or without "support in inferences that may be drawn from the facts in the record." *Anderson v. Bessemer City*, 470 U.S. 564, 577 (1985). The BIA erred by reviewing de novo the evidence.[2]

**PETITION GRANTED** and **REMANDED.**

---

[2] The BIA did not, however, improperly make its own fact findings. *See* 8 C.F.R. § 1003.1(d)(3)(iv).