# Matter of N-N-B-, Respondent

*Decided by Board April 17, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge applied the wrong legal standard for protection under the regulations implementing the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994), determining the respondent "could be" subject to torture instead of that he would "more likely than not" be tortured.

FOR THE RESPONDENT: Christopher J. Lavery, Esquire, Framingham, Massachusetts

FOR THE DEPARTMENT OF HOMELAND SECURITY: Matthew E. Burns, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Deputy Chief Appellate Immigration Judge, MULLANE and PETTY, Appellate Immigration Judges.

PETTY, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the decision of the Immigration Judge dated November 15, 2024, that granted the respondent's application for deferral of removal under the regulations implementing the Convention Against Torture ("CAT").[2] The respondent, a native and citizen of Russia, opposes the appeal.[3] The appeal will be

---

[1] Pursuant to Order No. 6274-2025, dated May 23, 2025, the Attorney General designated the Board's decision in *Matter of N-N-B-* (BIA April 17, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2025); 8 C.F.R. § 1208.18(a) (2020).

[3] The respondent has not challenged on appeal the Immigration Judge's determination that his conviction renders him ineligible for withholding of removal under sections 241(b)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(A) (2018), and withholding of removal under the CAT. Therefore, we deem any further argument or

sustained, the Immigration Judge's decision reversed, and the respondent ordered removed.

The Immigration Judge determined the respondent "could be" subject to torture in Russia based on his refusal to join the military. On appeal, DHS argues that the Immigration Judge applied the wrong legal standard, and the respondent did not establish that he qualifies for protection under the CAT. To qualify for CAT protection, the respondent must demonstrate that it is *more likely than not* that he will be tortured by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity in Russia. *See* 8 C.F.R. § 1208.16(c)(2) (2025); 8 C.F.R. § 1208.18(a)(1) (2020). We agree that the Immigration Judge applied the wrong legal standard, determining the respondent "could be" subject to torture instead of that he would "more likely than not" be tortured.

Further, even if the Immigration Judge had used the correct legal standard, we disagree that the respondent established that he would more likely than not be subjected to future torture. An Immigration Judge's predictive findings of what may or may not occur in the future are findings of fact, subject to the clearly erroneous standard of review. *Matter of Z-Z-O-*, 26 I&N Dec. 586, 590 (BIA 2015). The Board considers de novo whether the facts found by the Immigration Judge, such as the harm that a respondent is likely to experience upon return to his or her country, rises to the legal definition of torture under the governing CAT regulations and the relevant precedents. *See Matter of R-A-F-*, 27 I&N Dec. 778, 780 (A.G. 2020).

In granting the respondent's application for deferral of removal under the CAT, the Immigration Judge concluded that the Russian government would torture the respondent for not joining the military after receiving two written notices of conscription, failing to report, and receiving a visit from two men who threatened him with forced labor if he did not report. However, this is based on a series of suppositions. The respondent himself testified that his fear is that he would be arrested, and he does not know what would happen to him if he refused to join. He also testified that he told the purported government officials who came to his house that he was simply too old to join the military, not that he refused to join. A respondent's eligibility for deferral of removal under the CAT cannot be established merely by stringing together a series of suppositions to show that it is more likely than not that torture will result where the evidence does not establish that each step

_____

evidence on these issues waived. *See Matter of P-B-B-*, 28 I&N Dec. 43, 44 n.1 (BIA 2020) (stating that arguments not raised on appeal are deemed waived).

in the hypothetical chain of events is more likely than not to happen. *See Matter of J-F-F-*, 23 I&N Dec. 912, 917–18 (A.G. 2006).

The Immigration Judge relies on country condition evidence that purportedly show irregular, corrupt conscription practices in Russia to support the respondent's allegations that he was conscripted despite being beyond the typical age range. However, the evidence shows that the maximum age of conscription was 27 and then 30, well below the respondent's age of 59. The Immigration Judge also finds that punishment for refusing to join the military is disappearance, detention, and being relocated to a work camp, and that this amounts to torture. While the country conditions evidence discusses the detention and punitive treatment of political prisoners, these were military and security service members who refused to participate in the war, not citizens who were refusing conscription. Other evidence suggests a common punishment for not joining is merely fines. *See Mekhoukh v. Ashcroft*, 358 F.3d 118, 126 (1st Cir. 2004) (holding that nations have the right to enforce laws of conscription, and normal penalties for evasion of military service are generally not considered persecution, which is a lower standard than torture).

Based on this record, the Immigration Judge's predictive factual finding that it is more likely than not[4] that a public official would subject the respondent to violence amounting to torture is clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) ("[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (citation omitted)). The respondent's fear of future torture is speculative. *Matter of S-V-*, 22 I&N Dec. 1306, 1313 (BIA 2000) ("Specific grounds must exist that indicate the individual would personally be at risk [for torture]."). For the foregoing reasons, we reverse the Immigration Judge's grant of deferral of removal under the CAT. Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's November 15, 2024, decision is therefore reversed.

**FURTHER ORDER:** The respondent's request for deferral of removal under the CAT is denied and the respondent is ordered removed to Russia.

---

[4] Presuming the Immigration Judge used the correct legal standard.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* section 274D of the Immigration and Nationality Act, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).