# Matter of W-F-, Respondent

*Decided by Board September 15, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in granting the respondent deferral of removal under the Convention Against Torture where the record contained anecdotal reports of bribery in Haitian prisons and generalized violence by gangs against travelers or outsiders.

FOR THE RESPONDENT: Benjamin J. Hooper, Esquire, York, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: Ilijana Markisich, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER and GEMOETS, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

GEMOETS, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from a decision of the Immigration Judge dated March 14, 2025, granting the respondent deferral of removal under the regulations implementing the Convention Against Torture ("CAT").[2] The respondent, a native and citizen of Haiti, opposes DHS' appeal and cross appeals the Immigration Judge's decision finding him ineligible for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3) (2024), and withholding of removal under the CAT. 8 C.F.R. § 1208.16(d)(2) (2025). DHS' appeal will be sustained, the respondent's cross-appeal will be denied, the Immigration Judge's March 14, 2025, decision will be vacated in part, and the respondent will be ordered removed from the United States.

---

[1] Pursuant to Order No. 6516-2025, dated December 8, 2025, the Attorney General designated the Board's decision in *Matter of W-F-* (BIA Sept. 15, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. § 1208.16(c) (2025); 8 C.F.R. § 1208.18(a) (2020).

The respondent entered the United States as an asylee on September 22, 2007, and adjusted his status to that of a lawful permanent resident on June 27, 2008. On April 19, 2023, the respondent was convicted of carjacking in violation of 18 U.S.C. § 2119 (Supp. V 2023). DHS subsequently charged the respondent as removable under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii) (2024), as an alien who, at any time after admission, was convicted of an aggravated felony.

As relief from removal, the respondent filed an application for asylum, withholding of removal, and protection under the CAT. The Immigration Judge found that the respondent had been convicted of a particularly serious crime and was therefore ineligible for withholding of removal under section 241(b)(3)(B)(ii) of the INA, 8 U.S.C. § 1231(b)(3)(B)(ii), and ineligible for withholding of removal under the CAT.[3] *See* 8 C.F.R. § 1208.16(d)(2). However, the Immigration Judge found that the respondent established that it was more likely than not that he would experience torture in Haiti and granted his application for deferral of removal under the regulations implementing the CAT.

DHS asserts on appeal that the Immigration Judge clearly erred in finding that it is more likely than not that the respondent will experience torture in Haiti by or at the instigation of or with the consent or acquiescence of the Haitian Government. The respondent asserts that he will be tortured in Haiti by separate actors that he alleges are (1) the Judicial Police and prison guards; (2) regular Haitian police; (3) gang members; or (4) vigilantes through mob violence. The respondent claims that these groups will target him either because of his status as a criminal deportee or because of his mental illness. The respondent further argues in his cross-appeal that the Immigration Judge did not properly consider the impact of his mental illness in determining that he committed a particularly serious crime.

We first address the respondent's appeal. We affirm the Immigration Judge's determination that the respondent is barred from withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and withholding of removal under the CAT, based on his conviction for a particularly serious crime. *See* INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). The Attorney General may determine that, notwithstanding the length of the sentence imposed, an alien

---

[3] The respondent conceded that he is barred from asylum and does not raise asylum eligibility on appeal. *See* INA § 208(b)(2)(B)(i), 8 U.S.C. § 1158(b)(2)(B)(i) (2024). *See Matter of P-B-B-*, 28 I&N Dec. 43, 44 n.1 (BIA 2020) (stating that arguments not raised on appeal are deemed waived).

has been convicted of a particularly serious crime.  *See* INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii); *Bastardo-Vale v. Att'y Gen. U.S.*, 934 F.3d 255, 265–66 (3d Cir. 2019); *Matter of N-A-M-*, 24 I&N Dec. 336, 340 (BIA 2007), *aff'd*, 587 F.3d 1052 (10th Cir. 2009).

In determining whether a conviction is for a particularly serious crime, an adjudicator must first consider whether the elements of the offense potentially bring it within the ambit of a particularly serious crime. *Matter of N-A-M-*, 24 I&N Dec. at 342.  "[O]nce the elements of the offense are examined and found to potentially bring the offense within the ambit of a particularly serious crime, all reliable information may be considered in making a particularly serious crime determination . . . ." *Id.*  An Immigration Judge may consider a respondent's mental health condition in determining whether he will be a danger to the community, and thus in assessing the seriousness of the crime.  *See Matter of B-Z-R-*, 28 I&N Dec. 563, 567(A.G. 2022).  The relevance of such evidence is best determined through a case-by-case approach.  *See id.* at 567.

Upon de novo review, we agree with the Immigration Judge that the underlying facts and circumstances of the respondent's conviction for carjacking in violation of 18 U.S.C. § 2119 render his conviction a particularly serious crime.[4]  The Immigration Judge noted that the respondent's conviction was the result of his asking to test drive a vehicle at a car dealership and then, once in the car, threatening the driver, an employee of the dealership, with a drywall saw.  The Immigration Judge noted that the intentionality of the act and the sentence imposed reflect that the respondent's conviction is a particularly serious crime.

On appeal, the respondent asserts that the Immigration Judge should have considered the potential impact of his mental illness on his conviction. However, the Immigration Judge found without clear error that the respondent acted with intent to place another person in fear of being harmed in order to steal a car.  There is no clear error in the findings of fact of the Immigration Judge regarding the circumstances of this crime, and the evidence does not demonstrate that the respondent's mental illness was a factor in this criminal act.  Therefore, we affirm the Immigration Judge's finding that the respondent's conviction for carjacking in violation of 18 U.S.C. § 2119 was a particularly serious crime.  Thus, the respondent is

---

[4]  The respondent does not challenge on appeal the Immigration Judge's determination that the elements of his aggravated felony conviction bring it within the ambit of a particularly serious crime and thus we deem any further argument on this issue waived. *See Matter of P-B-B-*, 28 I&N Dec. at 44 n.1.

barred from seeking relief in the form of withholding of removal and his cross-appeal is dismissed. *See* INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

With respect to DHS' appeal, we will vacate the Immigration Judge's decision granting the respondent deferral of removal under the CAT. *See* 8 C.F.R. §§ 1208.16(c), 1208.17 (2025); 8 C.F.R. § 1208.18(a) (2020). The Immigration Judge erred in finding that the respondent established that it is more likely than not that he will experience torture in a Haitian prison or at the hands of gangs or vigilante mobs if removed to Haiti.

To qualify for CAT protection, the respondent must demonstrate that it is more likely than not that he will be tortured by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity in Haiti. 8 C.F.R. §§ 1208.16(c), 1208.17, 1208.18(a). To determine whether the respondent has met his burden to establish that it is more likely than not that he will be tortured, the Immigration Judge must determine (1) what is likely to happen to the respondent if he is removed; and (2) whether what is likely to happen amounts to torture. *See Myrie v. Att'y Gen. U.S.*, 855 F.3d 509, 516 (3d Cir. 2017). Where the possibility of torture relies on a series of events to take place, every step in the "hypothetical chain of events" must be more likely than not to happen. *Matter of J-F-F-*, 23 I&N Dec. 912, 917–18 (A.G. 2006). Further, where the respondent fears torture from multiple sources, the respondent must establish that the cumulative probability of torture by the various sources exceeds 50 percent. *See Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 213–14 (3d Cir. 2005).

The Immigration Judge found that the respondent is more likely than not to be detained upon removal to Haiti as a criminal deportee and that prison and government officials will subject him to severe physical and mental pain amounting to torture. We find no clear error in the Immigration Judge's determination that the respondent will likely be detained upon his return to Haiti. *See Myrie*, 855 F.3d at 516 (noting that the Board reviews for clear error the Immigration Judge's factual findings of what is likely to happen to a respondent if removed). However, we do not agree that the respondent is more likely than not to be tortured during this indefinite period of detention.

Poor prison conditions and indefinite detention, without more, do not constitute torture. *See Francois v. Gonzales*, 448 F.3d 645, 651–52 (3d Cir. 2006); *Matter of J-E-*, 23 I&N Dec. 291, 300 (BIA 2002). The respondent argues that prison guards and officials will subject him to torture as a means to force his family members to pay a bribe for his release. In support of this

assertion, the respondent offered the testimony of expert witness Brian Concannon, who testified that criminal deportees are often held in prison and tortured until a bribe is paid. Though Mr. Concannon attested to the frequency of this practice, anecdotal reports of bribery in Haitian prisons is not sufficient to show that it is more likely than not that the respondent himself will be tortured. *See Toussaint v. Att'y Gen. of U.S.*, 455 F.3d 409, 416 (3d Cir. 2006) (finding that the practice of bribery in Haitian prisons "is a general practice not directed at 'a particular [alien]'"); *see also Matter of S-S-*, 29 I&N Dec. 136, 137 (BIA 2025) ("Anecdotal reports of some criminal deportees being indefinitely detained in torturous conditions are insufficient to establish that the respondent is more likely than not to have that experience.").

The Immigration Judge also found that the respondent is at risk of torture outside of Haitian prison by gang members or through vigilante mob violence. The Immigration Judge found that the likely chain of events is that the respondent may attempt to travel to Gonaives in Haiti to join his grandmother and aunts, which is a region under significant gang control. The Immigration Judge found that gangs target travelers and outsiders in this area and atrocities and mass slaughters have occurred near Gonaives. The Immigration Judge further found that the respondent is at risk of severe pain and suffering at the hands of gangs and vigilantes.

However, the Immigration Judge did not specifically identify each step in the hypothetical chain of events, other than moving to an area controlled by gangs, that would lead to the gangs or vigilantes torturing the respondent. *See Matter of J-F-F-*, 23 I&N Dec. at 917–18. Moreover, the Immigration Judge did not find whether each of these events is more likely than not to occur. *See id.* Generalized evidence that mass atrocities have happened in an area that the respondent might move to is insufficient to establish that it is more likely than not that the respondent himself will be tortured there. *See, e.g., Matter of S-S-*, 29 I&N Dec. at 137 (noting that anecdotal reports of some criminal deportees suffering torture do not establish that a particular alien will have that experience). Specific grounds must exist to indicate that the respondent will be personally at risk of torture, and in the present case, the respondent has not demonstrated that such grounds exist. *See Valdiviezo-Galdamez v. Att'y Gen. of U.S.*, 663 F.3d 582, 592 (3d Cir. 2011).

Moreover, the respondent has not established that any torture he may face at the hands of gang members or vigilantes would be with the consent or acquiescence of the Haitian government. A respondent may meet this burden by producing evidence that the government is aware of the torture and breaches its legal responsibility to intervene and prevent it. *See*

*Myrie,* 855 F.3d at 516. This may include evidence that the government is willfully blind to the torturous activities. *Id.* Here, the Immigration Judge found that the respondent would be tortured with the consent or acquiescence of the government because of the instability of the current Haitian government. The Immigration Judge noted that gangs in Haiti have launched significant attacks on government facilities and continue to ravage the country. This generalized evidence of government instability is insufficient to meet the respondent's burden to show that the Haitian government would consent or acquiesce to his torture. *See Quinteros v. Att'y Gen. of U.S.*, 945 F.3d 772, 788 (3d Cir. 2019) (noting that a government's inability to control a group that it opposes is not dispositive of whether it acquiesced in torture through willful blindness).

The Immigration Judge factually and legally erred in determining that the respondent met his burden to establish that he more likely than not would be tortured in Haiti by or with the acquiescence of a public official in Haiti. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a); *see also Matter of Z-Z-O-*, 26 I&N Dec. 586, 590 (BIA 2015) (noting that the Immigration Judge's prediction of future events is a factual finding reviewed by the Board for clear error). Therefore, we will sustain DHS' appeal and vacate the Immigration Judge's decision granting the respondent's application for deferral of removal under the CAT. The respondent shall be removed to Haiti pursuant to the Immigration Judge's removal order.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The respondent's cross-appeal is denied.

**FURTHER ORDER:** The Immigration Judge's order dated March 14, 2025, granting protection under the CAT is vacated and the respondent is ordered removed from the United States to Haiti.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025).