# Matter of L-A-G-B-, Respondent

*Decided by Board November 5, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge's predictive factual findings based on a series of suppositions regarding the harm the respondent would likely suffer in Panama are clearly erroneous and do not support a grant of protection under the Convention Against Torture.

FOR THE RESPONDENT: Misael Cornelio, Esquire, Brooklyn, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Julie A. Werdt, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER, GOODWIN, and GEMOETS, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals the Immigration Judge's February 7, 2025, decision granting the respondent's request for protection under the regulations implementing the Convention Against Torture ("CAT").[2] The respondent, a native and citizen of Panama, opposes the appeal. The appeal will be sustained, and the respondent will be ordered removed to Panama.

The Immigration Judge found, and the parties do not dispute, that the respondent's conviction for conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine constitutes an aggravated felony and a particularly serious crime rendering him ineligible for asylum, statutory withholding of removal, and withholding of removal under the CAT. *See*

---

[1] Pursuant to Order No. 6526-2025, dated December 8, 2025, the Attorney General designated the Board's decision in *Matter of L-A-G-B-* (BIA Nov. 5, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2025); 8 C.F.R. § 1208.18(a) (2020).

sections 208(b)(2)(A)(ii) and 241(b)(3)(B)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii) (2024); 8 C.F.R. § 1208.16(d)(2) (2025). In granting the respondent's application for deferral of removal under the CAT, the Immigration Judge found that the respondent established a likelihood of future torture from private actors in Panama with the acquiescence, including willful blindness, of Panamanian public officials. DHS challenges this determination on appeal.

To establish eligibility for CAT protection, a respondent must demonstrate that it is more likely than not that he will be tortured in his home country by or with the consent or acquiescence, to include willful blindness, of a public official or other person acting in an official capacity. *See* 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1) (2020). To determine whether a respondent has established a clear probability of future torture in the country of removal, the Immigration Judge must first make factual findings on what is likely to happen to the respondent if he is removed and then determine whether what is likely to happen meets the legal definition of torture. *See Myrie v. Att'y Gen. U.S.*, 855 F.3d 509, 516 (3d Cir. 2017). The Board reviews for clear error the factual findings of the Immigration Judge as to what is likely to happen to the respondent in the future but reviews de novo whether the harm the respondent may experience rises to the legal definition of torture. *See Matter of R-A-F-*, 27 I&N Dec. 778, 779–80 (A.G. 2020). An Immigration Judge should consider all evidence relevant to the possibility of future torture, including but not limited to: (1) evidence of past torture; (2) evidence that the respondent could relocate to a part of the country where he or she is not likely to be tortured; (3) evidence of gross, flagrant or mass violations of human rights; and (4) other relevant country conditions information. 8 C.F.R. § 1208.16(c)(3). Eligibility for CAT protection cannot be established by stringing together a series of suppositions if the evidence does not establish that each step in the hypothetical chain of events is more likely than not to occur. *See Matter of J-F-F-*, 23 I&N Dec. 912, 917–18, 918 n.4 (A.G. 2006).

We will reverse the Immigration Judge's determination that the respondent has established a likelihood of torture in Panama. We acknowledge the respondent's history of gang affiliation in the United States and his asserted past conflicts with other gangs while living in the United States. However, on this record, the respondent has not established that he will more likely than not be tortured in Panama. In determining that the respondent would likely face future harm rising to the level of torture, the Immigration Judge found based on the circumstances of the respondent's arrest and imprisonment on the cocaine charge that his former associates,

Franklyn Sterling and the King Ariano family, believe the respondent stole cocaine from them and cooperated with law enforcement. The Immigration Judge found that the respondent would be perceived as having cooperated with law enforcement by the King Ariano family and would be targeted for harm rising to the level of torture by the King Ariano family, despite finding that the King Ariano family is no longer functioning as a drug-trafficking organization. The Immigration Judge also found that the respondent would be targeted by other gangs in Panama either at the direction of Franklyn Sterling or as retaliation for his past stealing from other gangs in the United States under Franklyn's command.

The Immigration Judge's predictive factual findings draw unsupported inferences from the record and are clearly erroneous. *See Matter of Z-Z-O-*, 26 I&N Dec. 586, 590 (BIA 2015) (holding an Immigration Judge's predictive factual findings regarding future harm are reviewed for clear error). For example, the Immigration Judge's finding that the respondent's "proffers and cooperation" against Franklyn Sterling and another former associate named Xavier will lead Franklyn and the King Ariano family to target the respondent for harm is unsupported by the record. The record does not include any objective evidence that the respondent provided any assistance to law enforcement or proffered any information about Xavier or Franklyn as part of his plea. Beyond the respondent's own suspicion, the record does not indicate that anyone believes he cooperated with law enforcement. Moreover, the record does not support the Immigration Judge's inference that Franklyn and the King Ariano family believe the respondent stole cocaine from them because he was only caught with 15 kilograms of cocaine, rather than 20. The publicly available press releases submitted by the respondent into evidence indicate that the respondent and a member of the King Ariano family were arrested because they were caught trafficking cocaine by undercover law enforcement in a controlled operation, that the respondent had traveled specifically to receive 15 kilograms of cocaine, and that a coconspirator cooperating with the government handed the respondent 15 kilograms of cocaine, which was seized shortly thereafter in its entirety.

The Immigration Judge found that the respondent may be targeted by other gangs including Banda Norte based on the respondent's allegation that he stole heroin from Banda Norte at Franklyn's direction in 2008 and was seriously harmed in retaliation. However, the record does not contain evidence that the respondent was harmed by Banda Norte at all or that the respondent has had any contact with Banda Norte since 2008. Furthermore, the respondent testified that he has never had any contact with any gangs currently operating in Panama, that Xavier is deceased, and that Franklyn is

currently incarcerated in the United States in connection with other drug charges. Given the lack of evidence that anyone was or remains interested in the respondent such that they would have the willingness and ability to seek him out and harm him in Panama, the Immigration Judge's finding that the respondent would likely suffer severe harm as a target of Franklyn or a Panamanian gang is clearly erroneous.

The Immigration Judge's conclusion that the respondent is more likely than not to suffer harm rising to the level of torture in Panama is based on a series of suppositions not supported by the record. *See Matter of J-F-F-*, 23 I&N Dec. at 917–19 (holding that it is the applicant's legal burden to demonstrate eligibility for protection under the CAT, and an applicant cannot do so by stringing together a series of suppositions to form a hypothetical chain of events resulting in the applicant's torture without demonstrating that each step in that chain of events is more likely than not to occur). Accordingly, the respondent has not met his burden of showing that he would suffer torture from his former associates or other gangs in Panama.

For the foregoing reasons, we reverse the Immigration Judge's grant of protection under the CAT for the respondent. We need not remand for additional factfinding or legal analysis because the record is insufficient to establish that it is more likely than not that the respondent will be tortured anywhere in Panama by or with the consent or acquiescence of a public official or other person acting in an official capacity.

**ORDER**: The appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's grant of deferral of removal under the Convention Against Torture is vacated.

**FURTHER ORDER:** The respondent is ordered removed to Panama.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025).