NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NELSON EDUARDO HERNANDEZ-PICHINTE; et al.,

               Petitioners,

  v.

PAMELA BONDI, Attorney General,

               Respondent.

No. 24-4234

Agency Nos.
A220-694-480
A240-494-348
A240-494-349

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 6, 2026[**]
San Francisco, California

Before: NGUYEN and BENNETT, Circuit Judges, and MATSUMOTO, Senior District Judge.[***]

Nelson Eduardo Hernandez-Pichinte ("Hernandez"), Roxana Lissbeth

Guillen-Pilar ("Guillen-Pilar") and their minor son, N.O.H.G. (collectively,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kiyo A. Matsumoto, United States Senior District Judge for the Eastern District of New York, sitting by designation.

"Petitioners"), citizens and natives of El Salvador, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing their appeal from an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ found Guillen-Pilar's and N.O.H.G.'s asylum applications to be time-barred and denied Hernandez's application on the merits. The IJ found that all three Petitioners failed to make the requisite showings on their applications for withholding of removal and CAT protection. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Petitioners first contend that the IJ erred in its determination that Guillen-Pilar's and N.O.H.G.'s asylum applications were untimely. However, because the BIA declined to address the timeliness of Guillen-Pilar's and N.O.H.G.'s asylum applications, that issue is not properly before us. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (noting that our review is limited to the grounds on which the BIA relied).

Petitioners then contend that, because the IJ denied Guillen-Pilar's and N.O.H.G.'s asylum applications solely on timeliness grounds, the BIA impermissibly reached the merits of Guillen-Pilar's and N.O.H.G.'s asylum applications. This argument is unavailing. The BIA may rely on the "underlying facts found by the Immigration Judge" to determine whether a petitioner has "[met]

2

the legal requirements for relief from removal or resolve any other legal issues that are raised." *Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 591 (B.I.A. 2015) (collecting cases). "[I]n order to establish an alternative holding on the merits, the BIA must provide a reasoned analysis of the legal basis for its holding, specifying as well the particular facts on which that holding relies." *Stoyanov v. INS*, 172 F.3d 731, 736 (9th Cir. 1999). Here, the BIA relied on the IJ's factual findings on Guillen-Pilar's and N.O.H.G.'s withholding applications in finding that they have not sustained a claim for asylum. Specifically, the BIA cited Guillen-Pilar's testimony that it's now "safer" in El Salvador, and that she and N.O.H.G. would feel safer if they returned to El Salvador because of an increased police presence and how "the president has captured the majority of the Maras." Because the BIA provided a "reasoned analysis" as to the Petitioners' legal entitlement to relief, it permissibly reached the merits of Guillen-Pilar's and N.O.H.G.'s asylum applications.

As to the merits of Petitioners' asylum claims, substantial evidence supports the BIA's determination that Petitioners are not eligible for asylum. Petitioners concede that they have not suffered past persecution, and substantial evidence supports the BIA's conclusion that Petitioners have not shown a well-founded fear of future persecution based on their fear of the Maras. Petitioners testified that they were never harmed, threatened, or targeted for harm in El Salvador. In fact, Petitioners testified to having little to no direct contact with gang members in El

3

Salvador, aside from several instances where gang members asked Hernandez for money and to leave the community soccer field. When asked why he left El Salvador, Hernandez did not mention the Maras but instead testified that he left El Salvador because jobs are not well-paid, and life was difficult. As to Guillen-Pilar and N.O.H.G. specifically, Guillen-Pilar testified that she did not believe that the Mara gang would try to recruit her or her son, and that they would be both be safe if they returned to El Salvador.[1] Petitioners have not suffered past persecution, and the record does not compel the conclusion that Petitioners have a well-founded fear of future persecution. That is sufficient to support the agency's finding that they are ineligible for asylum. *See Hussain v. Rosen*, 985 F.3d 634, 645-46 (9th Cir. 2021). Therefore, we need not reach their arguments as to country conditions or political opinion.

As Petitioners have failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Tamang*

---

[1] Petitioners' assertion that the BIA failed to independently consider Guillen-Pilar's and N.O.H.G.'s respective applications for relief and protection is belied by the record. The IJ made independent findings as to Guillen-Pilar's and N.O.H.G.'s applications for withholding of removal, specifically finding that there was no evidence that N.O.H.G was ever threatened or harmed, and that his mother felt he would not be recruited by the Maras. The IJ separately found that Guillen-Pilar felt safe in police presence and was never directly threatened or harmed. The IJ's independent findings were then adopted by the BIA in reaching its conclusions on both Guillen-Pilar's and N.O.H.G.'s applications, and the record evidence does not compel a contrary conclusion.

*v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). We do not address the remaining contentions as to asylum and withholding of removal because the BIA did not rely on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

Substantial evidence also supports the BIA's denial of CAT protection because Petitioners have not shown it is more likely than not that they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION DENIED**.