NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MINGIEDI FAMILIA MIGUEL; D.P.M.;
M.P.M.; A.M.P.; ARLETH MAVINGA
PEDRO MIGUEL,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 24-6451

Agency Nos.
A246-768-480
A246-768-476
A246-768-496
A246-768-497
A246-768-498

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 22, 2026
Seattle, Washington

Before: MURGUIA, Chief Judge, and McKEOWN and KOH, Circuit Judges.

Petitioner Mingiedi Familia Miguel ("Petitioner") and his family
(collectively, "Petitioners") seek review of the Board of Immigration Appeals'
("BIA") decision affirming the Immigration Judge's ("IJ") denial of their
applications for asylum, withholding of removal, and protection under the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Where, as here, "the BIA 'adopts and affirms' the IJ's decision and provides its own analysis," "[w]e review both the IJ and the BIA decisions."  *Chmukh v. Garland*, 124 F.4th 670, 674 (9th Cir. 2024) (quoting *Alcaraz-Enriquez v. Garland*, 19 F.4th 1224, 1229 n.2 (9th Cir. 2021)).  When reviewing the agency's persecution determination, we "review the entirety of the agency's conclusions—both the underlying factual findings and the application of the INA to those findings—for substantial evidence."  *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026).  Under the substantial-evidence standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* at 850 (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)).

1. Substantial evidence supports the agency's denial of asylum based on past persecution.  To establish eligibility for asylum, Petitioners must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).  "Proving past persecution requires the petitioner to show, among

---

[1] Miguel is the lead petitioner.  His wife Arleth Mavinga Pedro Miguel and their three children A.M.P., D.P.M., and M.P.M. are seeking relief through him.

other elements, that 'his treatment rises to the level of persecution.'" *Id.* at 1060 (quoting *Hussain v. Rosen*, 985 F.3d 634, 645 (9th Cir. 2021)).

The record supports the BIA's and IJ's conclusion that the harms Petitioner experienced do not constitute past persecution.

First, while Petitioner testified to developing high blood pressure, stomach ulcers, and weight loss after escaping a police shooting at a political demonstration he helped organize, Petitioner did not allege that he or his family were "subject to 'significant physical violence,'" or "suffered serious injuries that required medical treatment." *See id.* at 1061 (citation omitted).

Second, the repeated death threats that the police communicated through Petitioner's employee were indirect, unfulfilled, and did not cause significant suffering. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution."); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) ("Although death threats against an individual may be sufficient to constitute persecution, most threats do not rise to the level of persecution." (citations omitted)); *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) ("[T]hreats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism."). The police threatened Petitioner only in Cafunfo,

which is a 10-hour drive away from where he was living in Luanda. These threats lack the level of confrontation and harm that we have previously recognized as compelling a finding of past persecution. *See, e.g.*, *Corpeno-Romero v. Garland*, 120 F.4th 570, 578–79 (9th Cir. 2024); *Ruano v. Ashcroft*, 301 F.3d 1155, 1160–61 (9th Cir. 2002); *Mashiri*, 383 F.3d at 1119–20.

Third, Petitioner's arguments that the BIA failed to conduct a cumulative-effect review and that the economic harm he experienced from the police's destruction of his business should have been included in the cumulative-effect analysis are unavailing. The record shows that the BIA did consider the cumulative effect of the incidents, including whether the destruction of Petitioner's business threatened his life or freedom.

2. Substantial evidence supports the agency's denial of asylum based on a well-founded fear of future persecution. "Absent evidence of past persecution," the petitioner "must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). "To demonstrate a fear of future persecution on account of a political opinion, an asylum applicant must show (1) that he holds a political opinion; (2) that his political opinion is known to his

persecutors; and (3) that the persecution will be on account of his political opinion." *Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007).

Even assuming Petitioner has a subjective fear of future persecution, the record does not demonstrate that there is an objectively reasonable possibility of future persecution upon his return to Angola.

First, Petitioner argues that the BIA erred in its future persecution analysis by not considering that he was hiding in Luanda during the COVID-19 pandemic and suppressing his political opinion. However, the BIA's conclusion that the government was uninterested in seeking Petitioner out is supported by the evidence that Petitioner stayed in his home in Luanda for two years while Petitioner's wife went out and worked, even though Petitioner's area of residence was on his identification documents and neighbors knew where he lived. Though Petitioner hid during the COVID-19 pandemic, that does not change the fact the police were aware of Petitioner's political affiliation and his general location but appeared to make no efforts to seek him out in Luanda during that two-year period. Petitioner's argument that the BIA impermissibly speculated that Petitioner would be able to resume political activity within Luanda is also unpersuasive, because we afford substantial deference to the agency's factual finding regarding Petitioner's future ability. *See Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 590 (BIA 2015) ("[A]n Immigration Judge's

predictive findings of what may or may not occur in the future are findings of fact[.]"); *Umana-Escobar v. Garland*, 69 F.4th 544, 552 n.4 (9th Cir. 2023).

Second, Petitioner briefly argues that the BIA erred by failing to apply the presumption that where the persecutor is the government, internal relocation would not be reasonable. Petitioner did not raise this argument before the BIA, so we need not consider it. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("[B]efore a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ."). This argument nevertheless fails on the merits because the BIA did not suggest that Petitioner should relocate, but rather determined that it would be safe for him to remain in Luanda and therefore he did not establish a meritorious asylum claim.

3. Petitioner's arguments for withholding of removal and CAT protection are predicated on his asylum claim. Petitioner did not establish a sufficient showing for asylum and therefore does not demonstrate the level of harm required for withholding of removal and CAT protection. *See Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021); *Garcia v. Wilkinson*, 988 F.3d 1136, 1146–48 (9th Cir. 2021).

We affirm the BIA's denial of Petitioners' asylum, withholding of removal, and CAT protection applications.

**PETITION FOR REVIEW DENIED.**[2]

---

[2] The motion for a stay of removal (Dkt. No. 13) is denied.