**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DE JESUS NOVA-MARTINEZ, | No. 24-5065 |
| Petitioner, | |
| v. | Agency No.<br>A079-352-081 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 23, 2026
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Manuel de Jesus Martinez[1] petitions for review of an order of the

Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration

Judge's (IJ) denial of his applications for asylum, withholding of removal, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Petitioner's legal name is Manuel de Jesus Martinez. The agency used an incorrect surname, Nova-Martinez, when it initiated proceedings. Although the case caption reflects this erroneous name, we refer to Martinez by his legal name.

protection under the Convention Against Torture (CAT).[2]  We have jurisdiction

pursuant to 8 U.S.C. § 1252.  "Where the BIA writes its own decision, as it did

here, we review the BIA's decision, except to the extent it expressly adopts the IJ's

decision."  *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020).  We

review questions of law de novo and factual findings for substantial evidence.

*Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1039 (9th Cir. 2024).  We grant the

petition in part, deny it in part, and remand for further proceedings.

1.  We begin with the particular social groups (PSGs) Martinez advanced in

support of his claims for asylum and withholding.  An applicant "seeking relief

based on membership in a [PSG] must establish that the group is: '(1) composed of

members who share a common immutable characteristic, (2) defined with

particularity, and (3) socially distinct within the society in question.'"  *Diaz-*

*Reynoso*, 968 F.4th at 1077 (citation modified).

Martinez's primary PSG, "Salvadorans with severe mental health disabilities

who demonstrate perceptible psychosis," is not cognizable because it is not defined

with particularity.[3]  To satisfy particularity, a PSG "must be defined by

characteristics that provide a clear benchmark for determining who falls within the

---

[2] Because the parties are familiar with the facts, we do not recount them here.

[3] The agency described Martinez's primary PSG as "Salvadorans with severe mental health disabilities who demonstrate *some* perceptible psychosis." But Martinez consistently defined his PSG without the modifier "some."

group, such that the group possesses 'discrete and definable boundaries.'" *Id.* at 1077 (citation modified).

Here, the term "severe mental health disabilities" is "not defined in the record, clinically or otherwise." *Andrade v. Garland*, 94 F.4th 904, 912 (9th Cir. 2024) (citation modified). Martinez's clinical expert did not use the term "mental health disability" at all and although she described Martinez's cognitive impairment as "severe," she did not opine that "severe" had an established clinical meaning when used in connection with "mental health disability" or in any other context. The present case is therefore distinguishable from *Acevedo Granados v. Garland*, where we concluded that a PSG of "El Salvadoran men with intellectual disabilities who exhibit erratic behavior" was sufficiently particular because it was "limited to individuals with a specific diagnosis of 'intellectual disability.'" 992 F.3d 755, 761–63 (9th Cir. 2021). Because "intellectual disability" is a "commonly recognized mental illness for which the DSM-5 details a well-established medical definition," it provided "a clear benchmark from which professional psychologists can determine who falls within the group." *Id.* at 762. By contrast, the mental health terms in Martinez's proposed PSG "lack precision" because they are "undefined or unexplained in the record." *Andrade*, 94 F.4th at 911–13 (citation modified).

As for Martinez's secondary PSG, "People with disabilities in El Salvador,"

24-5065

Martinez failed to exhaust his challenge to the agency's conclusion that this PSG lacks an immutable characteristic. Exhaustion requires a non-constitutional legal claim to have first been raised in the administrative proceedings below, such that the BIA "was sufficiently on notice" and "had an opportunity to pass on the issue." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citation modified); *see also* 8 U.S.C. § 1252(d)(1). The IJ expressly decided that Martinez's secondary PSG "fails to be . . . immutable" because he could not determine whether the group's shared characteristic is immutable without knowing "what the disability is." On appeal before the BIA, Martinez did not mention immutability and instead addressed the IJ's findings only as to particularity and social distinction. Martinez's failure to exhaust any challenge to immutability is dispositive with respect to his secondary PSG.

2. As to CAT, Martinez argues the BIA erroneously concluded that he waived his challenge to the IJ's finding that he did not suffer past torture. Where a petitioner does not "meaningfully challenge[]" the IJ's determination on an issue, the BIA deems the issue waived. *Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 586 n.1 (BIA 2015). Here, Martinez's BIA brief did not address the IJ's finding about the machete attack with respect to past torture. Because Martinez did not advance any challenge to the IJ's past torture determination, the BIA did not err by finding waiver. *Id.*

3. Martinez argues the BIA failed to provide an adequate explanation for its summary denial of his motion to remand. We review the denial of a motion to remand for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). The BIA "abuses its discretion when it fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).

Martinez sought remand on two separate grounds. He argued that: (1) our decision in *Acevedo Granados* supported his argument that his proposed PSGs are cognizable; and (2) he should be permitted to reformulate a PSG on remand to show that he is a member of the group defined in *Acevedo Granados*. The BIA expressly considered and rejected Martinez's first argument, reasoning that his primary PSG is distinguishable from the one at issue in *Acevedo Granados*. But the BIA did not address Martinez's second basis for remand. The record shows that Martinez is diagnosed with "intellectual disability." Thus, as in *Acevedo Granados*, "there was both a clinical definition and a documented diagnosis of 'intellectual disability.'" *Andrade*, 94 F.4th at 912 (quoting *Acevedo Granados*, 992 F.3d at 762–63). While Martinez's briefing before the BIA was far from a model of clarity, under our flexible approach to exhaustion, *see Garcia v. Lynch*, 786 F.3d 789, 793 (9th Cir. 2015) (citation modified), the BIA was obliged to explain its rejection of his request for remand to recharacterize his PSGs. *See*

*Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 764 (9th Cir. 2023).  Because the BIA did not address this issue, we remand.  *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).

**GRANTED in part, DENIED in part, and REMANDED.**